# EXHIBIT H

**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

February 13, 2013

John D. Winter
Partner
(212) 336-2836
Direct Fax (212) 336-2369
jwinter@pbwt.com

W. Mark Lanier, Esq.
The Lanier Law Firm, PC
6810 FM 1960 West
Houston, TX 77069

Re: Biomet M2a Magnum Hip Implant Products Liability Litigation
Case No. 3:12-md-2391

Dear Mark:

We write in response to your February 7, 2013 letter.

Plaintiffs' position, as expressed in your letter, appears to be that because individual cases alleging injuries from Biomet's metal-on-metal implants were consolidated into an MDL proceeding, discovery which began a year ago should start anew. To the contrary, the Judicial Panel on Multidistrict Litigation created this MDL with the specific purpose of "avoid[ing] duplicative discovery" and "conserv[ing] the resources of the parties, their counsel and the judiciary," as well to "promote the just and efficient conduct of [these] actions." *In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, Transfer Order MDL No. 2391, 2012 U.S. Dist. LEXIS 144172 (J.P.M.L. Oct. 2, 2012). Prior to the motion to consolidate here, Biomet already expended substantial time, effort, and expense in collecting, reviewing, and producing documents in individual cases that are equally applicable to all of the cases in this MDL and in training the predictive coding software to identify relevant documents over the course of seven iterations. Having begun discovery in a reasonable and transparent manner, Biomet will not agree to start over.

Many of the actions in this MDL were filed before the consolidation. Beginning in June 2012, in response to discovery requests and with Biomet's initial disclosures in several individual cases, Biomet started producing documents and now has produced over a million pages of documents spanning six document productions. Indeed, eight months ago in the *St. Cyr* case, Biomet responded to a virtually identical overbroad set of document requests that plaintiffs served last week. The plaintiffs in the *Ching* and *Winningham* cases also served discovery requests nearly identical to the ones you served last week seven months ago.

The attorneys and cases in which Biomet has already made document productions include:

February 13, 2013
Page 2

- Ellen Relkin of Weitz & Luxenberg PC in *Benson v. Biomet, Inc. et al.*, E.D. Wash., 2:12-cv-05131

- Brian J. Devine and Kenneth M. Seeger of Seeger Salvas LLP in *Ching v. Biomet Orthopedics, LLC et al.*, N.D. Cal., 5:12-cv-00502 and *Winningham v. Biomet Orthopedics, LLC et al.*, N.D. Co., 1:12-cv-02376

- Lawrence Jones II and Jasper Ward of Jones Ward PLC in *Edelen et al. v. Biomet, Inc. et al.*, W.D. Ky., 3:12-cv-00438 and *Wurzel et al v. Biomet, Inc. et al.*, W.D. Ky., 3:12-cv-00491

- Robert E. Godosky of Godosky & Gentile, P.C. in *Faber v. Biomet, Inc. et al.*, E.D.N.Y., 1:12-cv-00783

- Joseph Shea, Shirly A. Coffey, Greg Hartmann, and Michelle A. Cheek of Shea, Coffey & Hartmann in *Graham v. Biomet, Inc. et al.*, S.D. Ohio, 1:12-cv-00451

- John David Hart of the Law Offices of John David Hart in *St. Cyr v. Biomet Orthopedics, LLC et al.*, N.D. Tex., 4:12-cv-00032

- John R. Climaco, Dawn M. Chmielewski, and Patrick G. Warner of Climaco, Wilcox, Peca, Tarantino & Garofoli, LPA, Jerrold S. Parker and Daniel C. Burke of Parker Waichman LLP, and Richard J. Arsenault and C. Michael Bollinger of Neblett, Beard & Arsenault in *Ward-Davis v. Biomet Orthopedics, LLC et al.*, S.D. Ohio, 2:12-cv-00396

Of these individuals, five are on the Plaintiffs' Steering Committee or the Plaintiffs' Executive Committee. Attorneys in each of these cases were provided with detailed information regarding the custodians and data sources, the keywords used, and Biomet's predictive coding workflow months ago. Since then, none provided Biomet with any additional keywords or custodians or raised any objections to Biomet's approach. We renewed the offer to perform additional key word searches and collect additional custodial files back in November 2012 before the first MDL conference. Again, plaintiffs were silent in response to this offer. Moreover, when we conferred on orders that were to be submitted to Judge Miller two weeks ago you asked when Biomet planned to complete its document production and we advised you that we believed the production of documents already collected would be finished by mid-July 2013. This production timeline was then discussed with Judge Miller on February 4, 2013. Again, in none of these discussions did you even hint at the demands made in your February 7 letter.

Plaintiffs' position, that despite the overlapping issues in these individual cases and the MDL, Biomet should restart its discovery efforts is inconsistent not only with the purpose of a multidistrict litigation, the JMPL's instructions and the discussions the parties have had since the Biomet cases have been assigned to Judge Miller, but also with plaintiffs' representations when seeking consolidation. When requesting consolidation, your colleague Thomas Anapol argued that "[i]n addition to ***significant financial savings***, transfer and consolidation will promote the ***convenience of the parties and efficiency*** during pre-trial proceedings. ***Duplicative discovery will be eliminated***…" Interested Party Response on Support

February 13, 2013
Page 3

of Transfer, MDL No. 2391, JPML Dkt. No. 39 at 5. Similarly, Kenneth Seeger and Brian Devine argued that consolidation will "ensure that the M2a Magnum cases *benefit from the cost savings* accomplished by consolidated pretrial proceedings." Plaintiffs' Motion for Transfer, MDL No. 2391, JPML Dkt. No. 1-1 at 2. Ellen Relkin likewise argued that "… the MDL should first involve generic corporate discovery … *[t]o have parallel and overlapping generic discovery taking place is … impractical and inefficient*." Interested Party Response on Support of Transfer, MDL No. 2391, JPML Dkt. No. 57 at 7. And John David Hart argued that "[w]ithout transfer, coordination and consolidation of these actions … there exists a real and significant potential for … *overlapping discovery, and unnecessary expense to all parties*." Interested Party Response on Support of Transfer, MDL No. 2391, JPML Dkt. No. 46 at 6.

Although it will not agree to restart discovery, Biomet is open to working cooperatively with plaintiffs to address concerns raised in your letter in a cost-effective and proportional manner that is consistent with the Federal Rules of Civil Procedure, the Seventh Circuit Electronic Discovery Pilot Program, and the Sedona Conference principles and guidance.

Your request that initial relevance determinations for training the predictive coding algorithm be made by both plaintiffs and defendants is not feasible because Biomet has already conducted seven predictive coding iterations. Biomet is, however, agreeable to adding relevant documents provided by plaintiffs to the data set and using them to train the predictive coding software in the remaining iterations.

As to your request that all custodians and data sources that have been identified as possibly having discoverable documents be added to the collection, Biomet has collected *over six terabytes* of data from all of the shared sources it has identified and from the e-mails, hard drives, dedicated network storage, and hard copy files of the primary individuals with responsibility for the devices at issue in this MDL across relevant departments including design, development, regulatory, clinical affairs, marketing and commercialization, and public relations. If, in reviewing the documents produced and the documents yet to be produced by Biomet, plaintiffs identify additional custodians that appear to be particularly relevant, Biomet will be open to meet and confer on collecting data from those custodians.

With respect to your concerns about the use of keywords, Biomet's position is that keywords are a reasonable, commonly-used, and judicially-accepted approach to culling large volumes of data. As noted above, to ensure a comprehensive collection, Biomet collected over six terabytes of data. The cost of applying predictive coding to this entire collection would be far too high and the richness (the ratio of relevant documents to irrelevant documents) far too low. Instead, because it planned to utilize predictive coding to identify relevant documents, Biomet chose much broader keywords that it otherwise would have, drawing a broad perimeter around the data and accepting that the results would be over- rather than under-inclusive. Although Biomet is not agreeable to applying predictive coding to the full set of data collected, if plaintiffs believe that relevant and reasonably-targeted keywords should be added, Biomet is willing to meet and confer on this issue.

February 13, 2013
Page 4

       Biomet also agrees that validation is an important step of the predictive coding process and is willing to meet and confer on this issue.

       Finally, Biomet declines your request to produce all non-privileged documents identified by the keywords irrespective of relevancy and directs you to Rule 26(b)(1) of the Federal Rules of Civil Procedure, which limits the scope of discovery to "any nonprivileged matter that is *relevant* to any party's claim or defense."

       Sincerely yours,

       */s/ John D. Winter*

       John D. Winter