# EXHIBIT L

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| IN RE: BIOMET M2A MAGNUM HIP IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) | Civil Action No. 3:12-md-2391 |
|  | ) | JUDGE ROBERT L. MILLER, JR. |
|  | ) |  |
| THIS DOCUMENT APPLIES TO: ALL CASES | ) ) ) ) ) |  |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendants Biomet, Inc., Biomet Orthopedics, Inc., Biomet Orthopedics, LLC, Biomet Manufacturing Corp. and Biomet U.S. Reconstruction, LLC ("Defendants"), by and through counsel and pursuant to the Federal Rules of Civil Procedure 26 and 34, hereby answer and object to Plaintiffs' Request for Production of Documents as follows:

## GENERAL OBJECTIONS

1.      These general objections are hereby incorporated by reference into the responses below made with respect to each separate Request. The inclusion of any specific objection to a Request in the responses below is not intended as, nor shall be deemed, a waiver of any general objection or any objection that may be asserted at another date. In addition, the failure to include any general or specific objection to a Request at this time is not intended as a waiver of Defendants' right to assert that or any other objection at a later date, which rights Defendants reserve to the greatest extent permitted by law.

2.     Defendants objects to these Requests to the extent they seek information about components of a hip system implanted in a Plaintiff in this MDL for which no failure has been alleged, and/or relate to Defendants' hip systems that were not implanted in a Plaintiff in this MDL, and as such are overly broad, unduly burdensome, and seek information and/or documents that are not reasonably calculated to lead to discovery of admissible evidence related to the claim or defense of any party in this action. Defendants' responses are therefore specifically limited to the following Biomet metal-on-metal hip replacement systems: M2a-38™ and M2a-Magnum™.

3.     Defendants have not completed their investigation into the facts relating to the above-entitled action, have not completed discovery, and have not completed their preparation for trial. Accordingly, the responses contained herein are based solely upon such information and documents as are currently available to Defendants. Defendants reserve the right to modify their responses after receiving and reviewing all relevant documents, and as events develop in this litigation. Defendants therefore object to any attempt to limit, at this time, the evidence that they may offer at trial.

4.     Defendants object to the Requests to the extent that they purport to impose obligations on Defendants in excess of those imposed by the Federal Rules of Civil Procedure, this Court's Orders, and other applicable laws or rules, and to the extent that they seek information beyond the scope of reasonable discovery, as permitted by the Federal Rules of Civil Procedure, this Court's Orders, and other applicable laws or rules.

5.     Defendants object to the Requests to the extent that they seek information or documents that are (a) obtainable from Plaintiffs themselves or some other source that is more convenient, less burdensome, less expensive, publicly available, or is otherwise as readily accessible to Plaintiffs as it is to Defendants; (b) already in the knowledge, possession, custody or control of

Plaintiffs and/or their counsel; and/or (c) not within the knowledge, possession, custody or control of Defendants.

6.      Defendants object to the Requests to the extent that they seek information or documents that are not reasonably calculated to lead to the discovery of admissible evidence.

7.      Defendants object to the Requests to the extent that they seek information or documents that are subject to the attorney-client privilege, work-product doctrine or other protection. Nothing contained herein is intended to be, nor shall be deemed, a waiver of any applicable privilege or protection.

8.      Defendants object to the Requests to the extent that they seek information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states. Defendants are redacting such information pursuant to the February 15, 2013 Case Management Order, Section IX.

9.      Defendants object to the Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, oppressive, incoherent, duplicative of other Requests, and/or call for a legal conclusion.

10.     Each response below is made subject to, and without waiving, any objection as to authenticity, relevance, competence, materiality, admissibility or other ground which could result in exclusion of any document or statement from admission in evidence. All such objections are reserved and may be asserted at any time, including during trial.

11.     Defendants object to the Requests to the extent that either the Requests or Defendants' responses to them may be construed as admissions that any fact or circumstance alleged in any Request occurred or existed. Moreover, the Request responses provided are not

intended to be, and shall not be construed to be, an agreement or concurrence by Defendants that a Request's characterization of any facts or circumstances is correct.

12. Defendants object to the Requests to the extent that they seek to limit the claims or defenses Defendants might make, or evidence Defendants might present, before or during trial.

13. Those Requests that are vague or ambiguous necessarily require interpretation by Defendants in providing answers thereto. Such interpretation by Defendants may, in some or all cases, be different from that which Plaintiffs intended. Defendants hereby put Plaintiffs on notice that such interpretation by Defendants has necessarily taken place in providing answers to the Requests herein, as a result of the imprecise and ambiguous requests.

14. The provision of certain information herein, or pursuant hereto, is subject to and conditioned upon the Stipulated Protective Order of Confidentiality entered by the Court on February 15, 2013.

**RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

**DOCUMENT RETENTION AND DESTRUCTION POLICIES**

1.      DOCUMENTS that RELATE TO YOUR DOCUMENT retention or destruction policies, including but not limited to DOCUMENTS sufficient to identify the steps taken by or on behalf of YOU to preserve DOCUMENTS that are or may be discoverable in this action. This request includes, but is not limited to, policies for:  Paper documents, DATABASES, electronic mail, electronic documents, voicemail and instant messaging. This request includes all documents in the possession, custody and control of Defendants, including but not limited to all documents held by Biomet Hip System Distributors, Third Party Contractors and Sales Representatives.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any of the foregoing objections, Defendants state that prior to this lawsuit being filed, they took appropriate and reasonable steps to preserve relevant documents in accordance with Defendants' obligations pursuant to the Federal Rules of Civil Procedure. Defendants also will produce the "Important Notice to Preserve Records" it previously distributed internally pursuant to the Protective Order entered in this action.

**CORPORATE ORGANIZATION**

2.      All DOCUMENTS that establish, chart or demonstrate relationships or lines of communication, responsibility, supervision or management accountability (including, but not limited to, corporate organization charts) for all departments, divisions, groups, panels or teams within YOU and YOUR subsidiaries or divisions, that are or were involved in any manner in researching, developing, testing, manufacturing, regulatory compliance, safety surveillance, marketing, promoting,

advertising or selling, training, managing, investigating, or evaluating the BIOMET HIP SYSTEM, including but not limited to those areas indicated below. In each instance, if YOU do not have a department and/or team dedicated to the BIOMET HIP SYSTEM in the identified area, YOU should produce the requested DOCUMENTS for the general department and/or team in the identified area whose responsibilities included the BIOMET HIP SYSTEM.

a. Preclinical Investigation.

b. Clinical Development.

c. Product Development and Design.

d. Adverse Event Reports/Medical Device Reports.

e. Other Post-Marketing Safety Surveillance.

f. Regulatory Affairs.

g. Marketing and Sales.

h. Scientific Affairs.

i. Medical Affairs.

j. Public Relations, including press and media relations.

k. Corporate Communications.

1. Medical Education.

m. Project Development.

n. Global Quality.

o. Clinical Affairs.

p. Commercialization.

q. Investor Relations.

r. Returns Warehouse.

s. PMI Patient Matched Product.

t.      Research and Development.

u.      Clinical Operations.

v.      Limb Salvage and PMI.

w.      Global Regulatory Affairs.

x.      Any and all training programs involving the BIOMET HIP SYSTEM, including but not limited to internal training programs for employees, and external training programs for third party contractors and consultants and for physicians or other healthcare providers (including training programs for the implantation of the BIOMET HIP SYSTEM).

y.      Distributors, Sales Representatives and Third Party Contractors.

z.      Development of relationships with non-employee medical doctors or other healthcare providers or suppliers retained, paid or compensated in any other way, by or on behalf of Defendant to present materials and information regarding the BIOMET HIP SYSTEM (excluding experts retained for litigation).

aa.      To the extent that Defendant has a product specific group and/or team devoted to the BIOMET HIP SYSTEM, that group and/or team.

bb.      DOCUMENTS sufficient to identify or demonstrate the reporting relationships between and among each of the above departments and/or teams in Defendant's overall management structure.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce documents responsive to this Request that provide organizational charts for Defendants' Regulatory

Affairs, Regulatory Compliance, Clinical Research, Quality Control, Manufacturing, Sales and Marketing, Public Affairs, Corporate Communications and Post-Marketing Surveillance functions pursuant to the Protective Order entered in this action.

**3.** DOCUMENTS sufficient to identify by name, position and responsibility YOUR corporate officers and employees involved in any way with the development, design, manufacture, study, testing, marketing, sale, and/or distribution of the BIOMET HIP SYSTEM for the years YOU developed and marketed such systems.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that their employees, Jing Xie, Lynette Whitaker, John White, William Kolter and John Susaraba, are knowledgeable regarding the evaluation of data concerning the performance of Defendants' metal-on-metal hip replacement systems, interactions with the United States Food & Drug Administration ("FDA") regarding the evaluation and presentation of data concerning the performance of Defendants' metal-on-metal hip replacement systems, the manufacture of Defendants' metal-on-metal hip replacement systems, the development and marketing of Defendants' metal-on-metal hip replacement systems, and public communications concerning Defendants' metal-on-metal hip replacement systems. Defendants further respond that they will produce documents responsive to this Request that identify other employees involved in the development, design, study, testing, manufacture, sales, marketing and distribution of Defendants' metal-on-metal hip replacement systems, pursuant to the Protective Order entered in this action.

4.      DOCUMENTS sufficient to identify by name, position and responsibility the members of YOUR board of directors (and any board committee or group with responsibility for the BIOMET HIP SYSTEM) for the years YOU developed and marketed the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**PATENTS, TRADEMARKS, LICENSING AND ROYALTIES**

5.      All DOCUMENTS that RELATE TO or reflect any patent (pending or issued) or patent application CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants also object to this Request because patents are publicly available documents. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

6.      All DOCUMENTS that RELATE TO or reflect any product licensing agreements CONCERNING any product or technology contained in patents (pending or issued) or patent applications for the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

7.     All DOCUMENTS that RELATE TO any alleged infringement or dispute over ownership of any patents (pending or issued) RELATED TO the BIOMET HIP SYSTEM, including but not limited to any correspondence, pleadings, discovery or files related any threatened, pending, completed or dismissed patent or licensing litigation.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

8.     All DOCUMENTS evidencing the licensing, authorization for use or other permitted use of trademarks, trade secrets or other non-patented proprietary information relating to the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

**9.**     All licensing, trademark or royalty agreements CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

**DEVELOPMENT/DESIGN**

**10.**     All DOCUMENTS RELATING TO or reflecting the Design History File (21 C.F.R. § 820.3(e)) and Device Master Record (21 C.F.R. § 820.3(j) and 21 C.F.R. § 820.181) for the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**11.**     All DOCUMENTS RELATING TO any specifications, whether design, manufacturing or performance specifications, CONCERNING the manufacture and assembly of the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**12.**     All DOCUMENTS RELATING TO any prototypes or precursor designs for the BIOMET HIP SYSTEM whether denominated as such including any DOCUMENTS regarding large diameter metal on metal designs that may have been classified as "custom" devices including all DOCUMENTS reflecting the manufacture and use of such custom devices in any patients and all DOCUMENTS reflecting which consulting physicians participated in the use of custom devices on patients, any problems arising from such "custom" devices and investigation of said problems.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

**13.**     All DOCUMENTS that RELATE TO any investigation or analysis by YOU or anyone else CONCERNING potential design or manufacturing problems or any potential defects in the BIOMET HIP SYSTEM and any prototype or precursor designs that may have been utilized through the use of "custom" devices on certain patients.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

14.     All DOCUMENTS that RELATE TO any changes YOU considered making to the design of the BIOMET HIP SYSTEM or to the manufacturing process for the BIOMET HIP SYSTEM, regardless of whether or not YOU implemented the changes.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

15.     All DOCUMENTS that RELATE TO or reflect why Defendants submitted a supplemental 510(k) application for the BIOMET HIP SYSTEM, which it described as being substantially equivalent to a previously approved hip replacement device, including all DOCUMENTS reflecting why it was believed that the trunnion for the BIOMET HIP SYSTEM should be redesigned to accommodate ceramic heads and liners.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

16.     All DOCUMENTS reflecting any concerns about fixation with the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request as it relates to concerns about fixation. Defendants further respond that they will produce non-privileged responsive documents responsive to this Request, as it generally relates to fixation of Biomet's metal-on-metal hip replacements, pursuant to the Protective Order entered in this action.

17.     All DOCUMENTS that RELATE TO any failure or malfunction of the BIOMET HIP SYSTEM, whether actual, purported or potential, and whether such failure or malfunction existed before or occurred after implantation of the device.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

14

Without waiving the foregoing objections, Defendants respond that they are currently unaware of a failure or malfunction of any of a Biomet metal-on-metal hip replacement system prior to the device being implanted. Defendants further respond that they will produce non-privileged responsive documents responsive to this Request, as they relate to revised Biomet metal-on-metal hip replacement systems reported to Defendants, pursuant to the Protective Order and Explant Preservation Order entered in this action.

18.     All DOCUMENTS that RELATE TO any "document to file" that reflects or refers to any change made in any BIOMET HIP SYSTEM which was not communicated to the FDA at the time the change was made.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

19.     All DOCUMENTS RELATING to the design of the BIOMET HIP SYSTEM not otherwise responsive to the requests herein.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

20.     All DOCUMENTS RELATING to the development of the BIOMET HIP SYSTEM not otherwise responsive to the requests herein.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

21.     All DOCUMENTS that RELATE TO the design, development and manufacture of the porous coating that was used on the outside of the acetabular cup of the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

## CLINICAL TRIALS, TESTS AND STUDIES

**22.** All DOCUMENTS that RELATE TO any preclinical or clinical trial, whether denominated as such or also if denominated as a custom device program, whether completed or not, CONCERNING the BIOMET HIP SYSTEM.

### RESPONSE

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any of the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, as it relates to the development of the Biomet metal-on-metal hip replacement systems as 510(k)-cleared devices, pursuant to the Protective Order entered in this action. Defendants also respond that they are currently unaware of any "custom device program" involving Biomet metal-on-metal hip replacement systems.

**23.** All DOCUMENTS that RELATE TO any STUDY, whether completed or not, CONCERNING the BIOMET HIP SYSTEM.

### RESPONSE

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**24.** All DOCUMENTS that RELATE TO any TEST, whether completed or not, CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

25.     All DOCUMENTS that RELATE TO any TEST, STUDY or preclinical or clinical trial CONCERNING the BIOMET HIP SYSTEM that were considered or planned, but never started.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, if any, pursuant to the Protective Order entered in this action.

26.     All DOCUMENTS that RELATE TO any TEST, STUDY or preclinical or clinical trial, whether completed or not, that compares the BIOMET HIP SYSTEM to any other hip system manufactured by YOU or another manufacturer.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

27.    All DOCUMENTS, including but not limited to ELECTRONIC DATABASES, that reflect the raw data from any TEST, STUDY or preclinical or clinical trial CONCERNING the BIOMET HIP SYSTEM and/or metal on metal hip devices, and any protocol(s) for such TEST STUDY or preclinical or clinical trial CONCERNING the BIOMET HIP SYSTEM and/or metal on metal hip devices.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

28.     All DOCUMENTS that RELATE TO YOUR review, analysis, investigation or interpretation of any TEST, STUDY or preclinical or clinical trial CONCERNING the BIOMET HIP SYSTEM and/or metal on metal hip devices that was conducted by any third party.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

29.     All DOCUMENTS that RELATE TO or that reflect analyses and/or meta-analyses of any TEST, STUDY, preclinical or clinical trial, DATA and/or pooled DATA regarding the BIOMET HIP SYSTEM and/or metal on metal hip devices, conducted internally by Defendant or by its agents, whether or not submitted to the FDA.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action. Defendants also state the results of completed studies involving Biomet's metal-on-metal hip replacement systems have been submitted to the FDA.

30.     All DOCUMENTS that RELATE TO follow-up or long term study of participants in any TEST, STUDY or clinical trial regarding the BIOMET HIP SYSTEM and/or metal on metal hip devices.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent that it requests information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

31.     DOCUMENTS sufficient to indicate the sources of funding any STUDY or TEST related to the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**REGULATORY**

**32.** All DOCUMENTS that RELATE TO the regulation of the BIOMET HIP SYSTEM by the United States Food and Drug Administration ("FDA"), including but not limited to the regulation of the approval, testing, sale, marketing, safety, recall, withdrawal or investigation of the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**33.** All DOCUMENTS that RELATE TO the regulation of the BIOMET HIP SYSTEM by any FOREIGN REGULATORY BODY, including but not limited to the regulation of the approval, testing, sale, marketing, safety, recall, withdrawal or investigation of the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that there has been no recall of Biomet's metal-on-metal hip replacement systems. Defendants state that they will produce non-privileged responsive documents, as they relate to safety and investigation, pursuant to the Protective Order entered in this action.

34.    All DOCUMENTS that reflect a complete copy of any 510(k) Premarket Notification submitted or filed with the FDA for the BIOMET HIP SYSTEM, and any supplements or additions thereto.

**<u>RESPONSE</u>**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

35.    All DOCUMENTS that RELATE TO any 510(k) Premarket Notification submitted or filed with the FDA for the BIOMET HIP SYSTEM, and any supplements thereto.

**<u>RESPONSE</u>**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

36.    All DOCUMENTS that reflect a complete copy of any Premarket Approval (PMA) or other application for approval submitted or filed with the FDA for the BIOMET HIP SYSTEM, and any supplements or additions thereto.

**<u>RESPONSE</u>**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

**37.** All DOCUMENTS that RELATE TO any Premarket Approval or other application for approval submitted or filed with the FDA for the BIOMET HIP SYSTEM, and any supplements or additions thereto.

**<u>RESPONSE</u>**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

**38.** All DOCUMENTS RELATED TO any COMMUNICATION with the FDA CONCERNING the BIOMET HIP SYSTEM, including but not limited to, COMMUNICATIONS RELATED TO compliance with FDA's premarket labeling regulations, FDA premarket registration and listing requirements, the FDA's post market surveillance controls, including the Quality Systems (also known as Good Manufacturing Practices) and Medical Device Reporting regulations, and the surveillance, receipt, evaluation, analysis, and the collection or COMMUNICATION of medical device reports, including information from commercial marketing data and postmarketing activities, as well as summaries of post-marketing medical device reports regarding the BIOMET HIP SYSTEMS.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**39.**     All DOCUMENTS RELATED TO any COMMUNICATION with any FOREIGN REGULATORY BODY CONCERNING the BIOMET HIP SYSTEM including but not limited to COMMUNICATIONS RELATED TO the surveillance, receipt, evaluation, analysis, and the collection or COMMUNICATION of medical device reports, including information from commercial marketing data and postmarketing activities, as well as summaries of post-marketing medical device reports regarding the BIOMET HIP SYSTEMS.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**40.**     All DOCUMENTS RELATED TO any COMMUNICATION with any Notified Body (as described in Article 16 of the European Medical Devices Directive) CONCERNING the BIOMET HIP SYSTEM including but not limited to COMMUNICATIONS RELATED TO the surveillance, receipt, evaluation, analysis, and the collection or COMMUNICATION of medical device reports, including information from commercial marketing data and postmarketing activities, as well as summaries of post-marketing medical device reports regarding the BIOMET HIP SYSTEMS.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**41.**     All DOCUMENTS RELATED TO any COMMUNICATION with any Medical Device Expert Group (MDEG) that operates under the European Medical Device regulatory system CONCERNING the BIOMET HIP SYSTEM including but not limited to COMMUNICATIONS RELATED TO the surveillance, receipt, evaluation, analysis, and the collection or COMMUNICATION of medical device reports, including information from commercial and postmarketing activities, as well as summaries of post-marketing medical device reports regarding the BIOMET HIP SYSTEMS.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

42.      All ELECTRONIC DATABASES that YOU used to track YOUR BIOMET HIP SYSTEM regulatory filings with the FDA or any FOREIGN REGULATORY BODY. This request includes any and all logs, tables or other records that identify the date, subject, purpose and participants of said COMMUNICATIONS and is limited to those portions of the DATABASE(S) relating to the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, duplicative, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged responsive documents, as they relate to FDA, pursuant to the Protective Order entered in this action. To the extent that responsive information is contained in DATABASES, it will be produced to Plaintiffs as electronically stored information pursuant to the Protective Order and other applicable Orders entered in this action.

43.      All DOCUMENTS, including but not limited to ELECTRONIC DATABASES, that RELATE TO or reflect contact logs or centralized records, related to the BIOMET HIP SYSTEM, including but not limited to contact logs or centralized records that summarize the date of the contact with the FDA, the purpose of the contact with the FDA, content of materials or information shared or any other information relating to the FDA contact, and/or the subject matter to be or that was discussed and any notes of such contacts. In the event this information is maintained electronically and/or in a database, Defendant is requested to produce these materials in a form that is readable to Plaintiff's counsel.

**RESPONSE**

Defendants object to this Request because it is overly broad, duplicative, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action. To the extent that responsive information is contained in DATABASES, it will be produced to Plaintiffs as electronically stored information pursuant to the Protective Order and other applicable Orders entered in this action.

44.    All DOCUMENTS documenting any COMMUNICATION with the FDA CONCERNING the BIOMET HIP SYSTEM including, but not limited to, documentation of telephone conferences, email, facsimiles, written correspondence, reports, memoranda and/or notes.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

45.    All DOCUMENTS documenting any COMMUNICATION with any FOREIGN REGULATORY BODY CONCERNING the BIOMET HIP SYSTEM, including, but not limited to, documentation of telephone conferences, email, facsimiles, written correspondence, reports, memoranda and/or notes.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

46.     All DOCUMENTS documenting any COMMUNICATION with any Notified Body (as described in Article 16 of the European Medical Devices Directive) CONCERNING the BIOMET HIP SYSTEM, including, but not limited to, documentation of telephone conferences, email, facsimiles, written correspondence, reports, memoranda and/or notes.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

47.     All DOCUMENTS that RELATE TO or reflect meeting requests, briefing documents powerpoints, presentation materials and other materials RELATED TO the BIOMET HIP SYSTEM that were prepared by or on behalf of Defendant for and/or presented at any and all meetings with the FDA, FOREIGN REGULATORY BODY, or other regulatory agency.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged responsive documents, as they relate to FDA, pursuant to the Protective Order entered in this action.

29

48.     All DOCUMENTS that RELATE TO or reflect any meeting requests, briefing documents, powerpoints, presentation materials and other materials, RELATED TO the BIOMET HIP SYSTEM that were prepared by the FDA, FOREIGN REGULATORY BODY or other regulatory agency in preparation for and/or presented at any and all meetings between Defendant and the FDA, FOREIGN REGULATORY BODY or other regulatory agency.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

49.     All DOCUMENTS that RELATE TO or reflect Requests for Information related to the BIOMET HIP SYSTEM received from the FDA. In YOUR response, please produce the formal Request for Information as well as any supporting DOCUMENTS, correspondence, attachments or other materials RELATED thereto.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

50.    All DOCUMENTS that RELATE TO or reflect minutes, notes or other documents memorializing meetings with the FDA or any FOREIGN REGULATORY BODY related to the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, as they relate to FDA, pursuant to the Protective Order entered in this action.

51.    All DOCUMENTS that reflect transcripts or recordings of meetings with the FDA or any FOREIGN REGULATORY BODY or other regulatory agency regarding the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, as they relate to FDA, pursuant to the Protective Order entered in this action.

52.    All DOCUMENTS that RELATE TO or reflect any discussion or submission between Defendant and any state government regulatory agency or any state medical society CONCERNING the safety of the BIOMET HIP SYSTEM.

31

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

**53.**     All DOCUMENTS that RELATE TO or reflect the hiring or retention by Defendant or on Defendant's behalf, of any public relations firm or law firm specializing in drug regulatory practices to participate in, orchestrate, organize, evaluate or advise YOU CONCERNING any discussions with the FDA that RELATE TO the BIOMET HIP SYSTEM, and produce all DOCUMENTS regarding said engagement, including but not limited to correspondence, memoranda, briefing books, questions and answers, talk papers, scripts for telephone calls, creation of special advisory or consulting boards, retention of scientific or medical researchers, advisors or experts and other such public relations strategies.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**54.**     All DOCUMENTS that RELATE TO or reflect any COMMUNICATION exchanged between Defendant and persons acting on Defendant's behalf regarding communication with the FDA CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

55.     All DOCUMENTS that RELATE TO or reflect COMMUNICATIONS between Defendants and the FDA regarding compliance notices, deviation reports, deficiency reports, warning letters, and/or violation notices or the like CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents that relate to or reflect communications between Defendants and the FDA that are responsive to this Request.

56.     All DOCUMENTS that RELATE TO or reflect COMMUNICATIONS between Defendants and any FOREIGN REGULATORY BODY regarding compliance notices, deviation reports, deficiency reports, warning letters, and/or violation notices or the like CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

57.     All DOCUMENTS relating to any supplemental 510(k) submission for the BIOMET HIP SYSTEM, including but not limited to the submission of revisions to the Indications for Use and the Instructions for Use (IFU) and what current clinical practice was being reflected in such updated IFU' s.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

58.     All DOCUMENTS relating to Biomet's Corporate Compliance Agreement(s) and Code of Business Conduct and Ethics.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

59.    All DOCUMENTS concerning any payments to physicians, key opinion leaders, consultants and others related to the promotion, education, and/or training of physicians concerning the use of the Biomet Hip System. These documents shall also include any description of the purpose of the payment and the time involved.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

60.    All DOCUMENTS maintained in any and all custodial files in connection with any regulatory related documents including but not limited to the custodial files entitled "Regulatory Compliance" and "Corrective Action Department."

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**MANUFACTURE**

60.    All DOCUMENTS that RELATE TO the manufacturing specifications, process, and quality assurance for the BIOMET HIP SYSTEM, including but not limited to those contained in the Device Master Record (21 C.F.R. § 820.181), Device History Record (21 C.F.R. § 820.184), Production and Process Controls (21 C.F.R. § 820.70), Nonconforming Products Reports (21 C.F.R. § 820.90), Quality Audits (21 C.F.R. § 820.22), Supplier Audit Reports (21 C.F.R. § 820.50), Quality System Records (21 C.F.R. § 820.186), Quality Management Records (21 C.F.R. § 820.20), and Complaint Files (21 C.F.R. § 820.198); and the Standard Operating Procedures ("SOPs"), Manufacturing Procedures, Inspection Procedures or other documents that are referenced or called-out in these records.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

61.    All DOCUMENTS that RELATE TO any FDA inspection of any facility where the BIOMET HIP SYSTEM, or any component thereof, were manufactured, including but not limited to any FDA-483 Plan Investigation Report, any response thereto, and any internal COMMUNICATION regarding the inspection.

36

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action. Defendants also respond that they are currently unaware of any "FDA-483" report or letter being issued that in any way relates to the Biomet metal-on-metal hip replacement systems.

62.     DOCUMENTS sufficient to identify where each component of the BIOMET HIP SYSTEM has ever been manufactured.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

63.     All DOCUMENTS that RELATE TO the development of and/or compliance with good manufacturing processes or International Organization for Standardization (ISO) standards with respect to the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

## STANDARD OPERATING PROCEDURES/GUIDELINES

64.     All DOCUMENTS that reflect Standard Operating Procedures, guidelines or the like that RELATE TO the development, design, STUDY or TESTING, manufacture, sale, marketing, distribution, promotion, training, implantation, explantation, preservation of explanted devices, recall, claims handling, contacts with consumers about their BIOMET HIP SYSTEM implant, settlement of claims, or COMMUNICATIONS with healthcare providers, the public or the FDA or other regulatory authorities RELATED TO the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

65.     All DOCUMENTS that reflect any codes of conduct and/or ethical standards promulgated, adopted or followed by Defendant or by any trade organization of which Defendant is a member, and that was in effect at the time the Defendant was selling the BIOMET HIP SYSTEM. For purposes of this request, "code of conduct" is defined as a set of rules or protocols that explain how Defendant, its employees and/or agents should conduct themselves.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

## SALES, MARKETING, DISTRIBUTION AND SUPPLY

**66.**     DOCUMENTS sufficient to IDENTIFY each of YOUR sales representatives or the like who sold the BIOMET HIP SYSTEM, including also their sales territory and related dates of promotion. For each PERSON IDENTIFIED, produce a copy of the following: (a) their custodial file; (b) personnel file; (c) call notes/sheets; (d) IMS data; (e) customer notes; (f) weekly sales notes; (g) customer belief notes; (h) tracking notes; (i) postings on Defendant's message boards; and/or (j) video files.

### RESPONSE

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections and as best they understand this Request, Defendants respond that they do not create or maintain "call notes," "customer notes," "weekly sales notes," "customer belief notes" or "tracking notes." Defendants also respond that "IMS data" relates to medicines not medical devices like Biomet's metal-on-metal hip replacement systems. Defendants further respond that they will produce non-privileged documents responsive to this Request, as they relate to identification, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

67.    DOCUMENTS sufficient to IDENTIFY any third party sales representatives or the like (both natural persons and entities) who or which sold the BIOMET HIP SYSTEM, including also their sales territory and related dates of promotion. For each PERSON IDENTIFIED, produce a copy of the following: (a) their custodial file; (b) personnel file; (c) call notes/sheets; (d) IMS data; (e) customer notes; (f) weekly sales notes; (g) customer belief notes; (h) field or ride-along reports; (i) surgical observation reports; (j) Medical Device Reports and /or medical device reports and/or (k) tracking notes.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections and as best they understand this Request, Defendants respond that they do not create or maintain "call notes," "customer notes," "weekly sales notes," "customer belief notes" or "tracking notes."  Defendants also respond that "IMS data" relates to medicines not medical devices like Biomet's metal-on-metal hip replacement systems. Defendants further respond that they will produce non-privileged documents responsive to this Request, as they relate to identification, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

68.    All DOCUMENTS that RELATE TO any COMMUNICATION between YOU and any PERSON that sold, distributed or promoted the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

69.     All DOCUMENTS that RELATE TO contracts or agreements between YOU and any PERSON that sold, distributed or promoted the BIOMET HIP SYSTEM, including Form 1099's.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

70.     All DOCUMENTS that RELATE TO payments from YOU to any PERSON that sold, distributed or promoted the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

71.     All DOCUMENTS that RELATE TO or reflect sales call notes/sheets, customer notes, weekly sales notes, customer belief notes and/or tracking notes related to the marketing, sale, distribution or promotion of the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections and as best they understand this Request, Defendants respond that they do not create or maintain "call notes," "customer notes," "weekly sales notes," "customer belief notes" or "tracking notes" relating to Biomet's metal-on-metal hip replacement systems.

**72.**     DOCUMENTS sufficient to IDENTIFY each of YOUR third party suppliers or distributors of BIOMET HIP SYSTEM, including also their supply or distribution territory and related dates of supply or distribution.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

**73.**     All DOCUMENTS that RELATE TO any COMMUNICATION between YOU and any PERSON that supplied or distributed the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

74. All DOCUMENTS that RELATE TO contracts or agreements between YOU and any PERSON that supplied or distributed the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

75. All DOCUMENTS that RELATE TO or reflect any and all minutes, agendas, brochures, memoranda, correspondence, video files, voice mail blast messages and/or other documents RELATING TO meetings of any trade group or other group or association which were supported or sponsored by Defendant CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

76. All DOCUMENTS that RELATE TO or reflect information or materials intended to market or promote for sale or purchase the BIOMET HIP SYSTEM to or through healthcare providers or consumers, including but not limited to sales brochures, selling or promotional aids, instructional materials to sales representatives, website materials, videos or webcasts, literature, scripts, voice mail blasts, questions and answers or FAQ.

**RESPONSE**

Defendants object to this Request because it is overly broad, duplicative, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

77.    All DOCUMENTS that RELATE TO or reflect any healthcare provider or direct-to consumer advertisements or promotion of the BIOMET HIP SYSTEM, including: (a) dates such advertising was conducted; (b) specific media vehicles used to conduct such advertising; (c) names and addresses of all advertising agencies utilized by Defendant that were/are involved in said advertising; (d) drafts of the advertisements; (e) final versions of the advertisements; (f) internal communications regarding the advertisements; (g) correspondence related to the advertisements; and/or (h) FDA approvals, disapprovals or revisions of the advertisements.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

78.    All DOCUMENTS that RELATE TO or reflect tangible things or other materials ever provided by Defendant to physicians or pharmacies to promote the BIOMET HIP SYSTEM, including but not limited to notepads, calendars, office supplies, meals, promotional materials, financial contributions, product descriptions, product literature, books regarding the BIOMET HIP SYSTEM, and other such promotional materials.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

79.    All DOCUMENTS that RELATE TO or reflect each and every purchase by Defendant or on Defendant's behalf of published literature, to be distributed to healthcare providers or consumers, supporting the use of the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

80.    All DOCUMENTS that RELATE TO or reflect press releases, media statements and/or alerts issued by Defendant or on Defendant's behalf with respect to the BIOMET HIP SYSTEM, including but not limited to all draft and original versions of the same.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

81.     All DOCUMENTS that RELATE TO warranties, representations, and promotional statements made by Defendant regarding the safety, efficacy or performance of any BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they did not make any warranties concerning Biomet's metal-on-metal hip replacement systems. Defendants further respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

82.     All DOCUMENTS that RELATE TO or reflect training materials for the training of sales representatives, distributors or the like employed by Defendant or by third parties to promote the BIOMET HIP SYSTEM, including but not limited to instructions, memorandum, powerpoints, emails, newsletters, films, scripts, questions and answers, alerts, role plays, videos, voice mail blasts, webcasts, pictures, scientific or medical information or other materials or information.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, regarding training and promotional materials for Biomet's metal-on-metal hip replacement systems, pursuant to the Protective Order entered in this action.

**83.**     All DOCUMENTS that RELATE TO or reflect marketing or sales strategies or plans that CONCERN the BIOMET HIP SYSTEM, including the use of focus groups.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**84.**     DOCUMENTS sufficient to show, by year, the sales, sales volume, market share, revenue and profits attributable to the BIOMET HIP SYSTEM both in the United States and worldwide.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**85.**     All DOCUMENTS that RELATE TO projected or hypothetical sales, sales volume, market share, revenue and profits attributable to the BIOMET HIP SYSTEM both in the United States and worldwide.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

86.    All DOCUMENTS that RELATE TO or reflect the market share percentage of the various BIOMET HIP SYSTEM, including but not limited to all DOCUMENTS reflecting any analyses of market acceptance of the original, successor and derivative BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

87.    All DOCUMENTS that RELATE TO or reflect the sales volume (physical and monetary sales amount) of each Distributor of the Biomet Hip System for the RELEVANT TIME PERIOD.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, and impermissibly vague. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**88.**     All DOCUMENTS that RELATE TO the name, address, and hospital or facility of each surgeon who has implanted a Biomet Hip System including the number of Biomet Hip Systems implanted by each surgeon and the success or failure rate of each surgeon concerning their implantation of Biomet Hip Systems.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**89.**     All DOCUMENTS that RELATE TO procedures, policies or practices for responding to negative publications about the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**90.**     All DOCUMENTS that RELATE TO or reflect Defendant's annual budget for field sales force costs and activities relating to the promotion of the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

## DEVELOPERS, KEY OPINION LEADERS AND OUTSIDE CONSULTANTS

**91.**    All DOCUMENTS that RELATE TO Key Opinion Leaders, Knowledge Leaders, Thought Leaders or the like CONCERNING the BIOMET HIP SYSTEM, including but not limited to their development, retention, training, funding, duties, work performed and compensation.

### RESPONSE

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

**92.**    All DOCUMENTS that RELATE TO COMMUNICATIONS with Key Opinion Leaders, Knowledge Leaders, Thought Leaders or the like CONCERNING the BIOMET HIP SYSTEM.

### RESPONSE

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

93.     All DOCUMENTS that RELATE TO payments, both direct and indirect, from YOU to a physician or to any entity or organization with which YOU believe he/she was affiliated with at the time regarding the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

94.     All Consultant Agreements and Knowledge Leader Agreements related to the BIOMET HIP SYSTEM and/or metal on metal hip implants/systems.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

95.     All DOCUMENTS that RELATE TO COMMUNICATION between YOU and any individual part of a design team or any individual who took part in in designing the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**96.** All DOCUMENTS that RELATE TO COMMUNICATION between YOU and any individual part of a design team or any individual who took part in in designing, reviewing, writing and editing the BIOMET HIP SYSTEM Surgical Technique manual.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**97.** All DOCUMENTS that RELATE TO payments from YOU to any All DOCUMENTS that RELATE TO COMMUNICATION between YOU and any individual part of a design team or any individual who took part in in designing, reviewing, writing and editing the BIOMET HIP SYSTEM Surgical Technique manual.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**98.** All DOCUMENTS that RELATE TO or reflecting contracts between YOU and any individual part of a design team or any individual who took part in designing, reviewing, writing and editing the BIOMET HIP SYSTEM Surgical Technique manual.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

99.     All Surgeon Designer Agreements concerning the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

100.    All contracts with third parties in connection with failed and/or returned BIOMET HIP SYSTEMS for the purpose of storage, research, examination, inspection and/or testing.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

101.    DOCUMENTS sufficient to IDENTIFY all non-employee medical doctors retained, paid or compensated in any other way (directly or indirectly), by or on behalf of Defendant to present materials and information and/or to use the BIOMET HIP SYSTEM (including as well any precursors or prototypes of said Systems and any devices implanted in patients denominated as a "custom device"). Please note that this request includes those non-employee medical doctors whose may have been secured through a third party whose function was to organize Continuing Medical Education programs and/or any other programs or presentations at which information on the BIOMET HIP SYSTEM was presented.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

102.    DOCUMENTS sufficient to IDENTIFY any and all external consultants retained by Defendant with respect to the BIOMET HIP SYSTEM, including but not limited to any of the following:

a.      The development, design or manufacture of the BIOMET HIP SYSTEM.

b.      The design or conduct of any STUDIES, TESTS or preclinical or clinical trials CONCERNING the BIOMET HIP SYSTEM;

c.      The analysis or evaluation of adverse events, medical device reports or device failures for the BIOMET HIP SYSTEM;

d.      The sale or marketing of the BIOMET HIP SYSTEM in the United States.

e.      The distribution of the BIOMET HIP SYSTEM in the United States.

f.      The market potential for the BIOMET HIP SYSTEM, including targeted audiences of physicians or others.

g.      The training or supervision of doctors implanting the BIOMET HIP SYSTEM.

h.      The investigation of any failure or safety concerns that RELATE TO the BIOMET HIP SYSTEM.

i.      A recall of the BIOMET HIP SYSTEM.

j.      The investigation, communication or resolution of any claims or potential claims regarding the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**103.** All DOCUMENTS that reflect notes and/or transcripts made of meetings with any and all external consultants retained to consult on the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**104.** All DOCUMENTS that RELATE TO or reflect any COMMUNICATIONS between Defendant and any and all external consultants retained to consult on the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**105.** All DOCUMENTS that RELATE TO or reflect any opinion by a physician, scientist, or medical or scientific expert employed by, retained by, consulting for or otherwise acting for or in concert with Defendant, regarding the BIOMET HIP SYSTEM, including but not limited to opinions intended for Defendant's internal use, reports prepared in legal proceedings (exclusive of reports by retained non-testifying experts), opinions expressed in depositions or trials, reports submitted to scientific journals, opinions expressed at medical conferences, and opinions provided as testimony, reports or statements to the FDA or any advisory committee thereof.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**106.** All DOCUMENTS that RELATE TO or reflect any financial payments, contributions or support, CONCERNING the BIOMET HIP SYSTEM, provided by Defendant to any physician, scientist, medical or scientific expert, or any institution, agency or entity with which said individual is affiliated.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

**107.** All DOCUMENTS that RELATE TO or reflect Defendant's retention of persons in any medical discipline to study, assess or analyze the safety of the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**108.** All interactions or communications with regard to national or international orthopedic registries, including but not limited to the American Joint Replacement Registry (otherwise known as AJJR) and the International Consortium of Orthopedic Registries (otherwise known as ICOR).

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**IMPLANTATION, INSTRUCTIONS, TRAINING AND FOLLOW-UP**

**109.** An actual unopened and unused exemplar of any BIOMET HIP SYSTEM, along with all packaging and accompanying documentation generally provided with such device.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**110.** All DOCUMENTS that RELATE TO or reflect any packaging and accompanying documentation generally provided with the BIOMET HIP SYSTEM devices.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**111.** All DOCUMENTS that RELATE TO or reflect any training materials, manuals or instructions or other information CONCERNING the implantation BIOMET HIP SYSTEM for such products sold in the United States, including but not limited to instruction manuals, powerpoints, ELECTRONIC MEDIA and videos, webcasts or pictures.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**112.** All DOCUMENTS that RELATE TO or reflect any training materials, manuals or instructions or other information CONCERNING implantation of the BIOMET HIP SYSTEM for such products sold outside the United States, including but not limited to instruction manuals, powerpoints, ELECTRONIC MEDIA and videos, webcasts or pictures.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**113.**    All DOCUMENTS provided to YOUR employees or other outside agents that RELATE TO or reflect any training materials, manuals or instructions or other information CONCERNING implantation of the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**114.**    All DOCUMENTS that RELATE TO the management or care of patients implanted with any BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**115.**    All DOCUMENTS that RELATE TO or reflecting actual or projected numbers of implanted BIOMET HIP SYSTEM devices in the United States, outside the United States or both.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

116. All DATABASES REFLECTING or CONCERNING a registry or the like of implanted or removed BIOMET HIP SYSTEM devices, including any DATABASES identifying or reflecting the patient, where the procedure took place, the date of the procedure, the presence of any representative of Defendant, and other such information.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any DATABASES responsive to this Request.

**CLINICAL AND HEALTH CARE PROVIDER COMMUNICATIONS**

117. All DOCUMENTS that RELATE TO or reflect any COMMUNICATION between Defendant and doctors or consumers CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21

C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Defendant Fact Sheet and the Protective Order entered in this action.

**118.** All surgical and/or medical records provided by physicians conducting surgeries to implant or explant a BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

**119.** All DOCUMENTS that RELATE TO any COMMUNICATION to sales representatives or the like REGARDING how to respond to questions from patients, physicians, hospitals or other medical providers regarding the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

120.    All DOCUMENTS that RELATE TO or reflect any and all Dear Doctor or Dear Healthcare Provider letters or the like CONCERNING the BIOMET HIP SYSTEM, both within and outside the United States. This request includes but is not limited to the Dear Doctor and Dear Healthcare Provider letters themselves as well as all drafts of the letters, memoranda RELATED TO the letters, notes of meetings and/or telephone conferences CONCERNING the letters and any COMMUNICATIONS with the FDA or any FOREIGN REGULATORY BODY regarding the content or approval of the letters.

**RESPONSE**

Without waiving the general objections, Defendants respond that a letter recently was sent to surgeons in the United States and a copy of that letter as well as other non-privileged documents responsive to this Request, as they relate to FDA, will be produced pursuant to the Protective Order entered in this action.

121.    All DOCUMENTS that RELATE TO or reflect any COMMUNICATIONS between Defendant and any medical association CONCERNING any adverse events or device failures reported with regard to the BIOMET HIP SYSTEM, regardless of causality. The term "medical association", as used in this request, refers to trade groups as opposed to individual medical practices.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

122.    All DOCUMENTS that RELATE TO or reflect any unpublished reports, speeches, data compilations, clinical observations or other communications made by Defendant or on Defendant's behalf CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

123.    All DOCUMENTS that RELATE TO or reflect any COMMUNICATIONS by Defendant with any publisher, editor, author, reporter or employee of or for any lay, scientific, medical or news publication or any freelance writer CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

124.    All DOCUMENTS that RELATE TO or reflect any drafts and final or final versions of any Question & Answer documents, talking points documents or other such DOCUMENTS intended for internal use to respond to safety questions or concerns from the medical or lay public REGARDING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**COMPLAINTS AND PHARMACOVIGILANCE**

**125.**    All DOCUMENTS that RELATE TO or reflect any "Medical Device Report" CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states. In addition, Defendants object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**126.**    All DOCUMENTS that RELATE TO or reflect any "complaint file" (as that term is used in 21 C.F.R. § 820.198) CONCERNING the BIOMET HIP SYSTEM, including but not limited to all written and oral complaints regarding any BIOMET HIP SYSTEM, all determinations CONCERNING the necessity of investigating those complaints, all records of any investigations of those complaints, and all records referring or relating to any decision not to investigate those complaints.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants

also object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states. In addition, Defendants object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

127.    All DOCUMENTS that RELATE TO any "adverse event" (as that term is used in 21 C.F.R. § 803.50 *et seq.*) or medical device report or medical device failure CONCERNING the BIOMET HIP SYSTEM, including reports received by YOU and reports submitted by YOU to FDA.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

128.    All DOCUMENTS that RELATE TO or reflect any of YOUR policies, procedures, guidelines, SOPs, handbooks or manuals CONCERNING product safety, product surveillance or risk management. This request includes but is not limited to any such DOCUMENTS provided to Distributors or Sales Representatives, including Third Parties.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

129.    All DOCUMENTS that RELATE TO or reflect COMMUNICATIONS with the FDA CONCERNING the safety of the BIOMET HIP SYSTEM or any information regarding adverse events or Medical Device Reports or Medical Device Failures CONCERNING those systems.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

130.    All DOCUMENTS that RELATE TO or reflect COMMUNICATIONS with any FOREIGN REGULATORY BODY CONCERNING the safety of the BIOMET HIP SYSTEM or any information regarding adverse events or Medical Device Reports or Medical Device Failures CONCERNING those systems.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

131.    All DOCUMENTS that reflect reports or related documentation provided to the FDA CONCERNING the safety of the BIOMET HIP SYSTEM or any information regarding adverse events or Medical Device Reports or Medical Device Failures CONCERNING those systems.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21

C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

132.    All DOCUMENTS that reflect reports or related documentation provided to any FOREIGN REGULATORY BODY CONCERNING the safety of the BIOMET HIP SYSTEM or any information regarding adverse events or Medical Device Reports or Medical Device Failures CONCERNING those systems.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

133.    All DATABASES maintained by you CONCERNING domestic or international adverse events or Medical Device Reports or Medical Device Failures CONCERNING the BIOMET HIP SYSTEM, including the underlying medical and other records maintained by you for such adverse events or reports.

**RESPONSE**

Defendants object to this Request because it is overly broad, duplicative, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action. To the extent that responsive information is contained in DATABASES, it will be produced to Plaintiffs as electronically stored information pursuant to the Protective Order and other applicable Orders entered in this action.

**INVESTIGATION**

**134.** All DOCUMENTS that RELATE TO or reflect data from the National Joint Registry (NJR) of England and Wales regarding the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

135.    All DOCUMENTS that RELATE TO or reflect any COMMUNICATION between YOU and the National Joint Registry (NJR) of England and Wales regarding the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

136.    All DOCUMENTS that RELATE TO or reflect data from the Australian Orthopaedic Association's National Joint Registry regarding the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

137.    All DOCUMENTS that RELATE TO or reflect any COMMUNICATION between YOU and the Australian Orthopaedic Association's National Joint Registry regarding the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

138.    All DOCUMENTS that RELATE TO YOUR use of outside medical advisors or any other third-party to provide product quality, safety and reliability assessments CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

139.    All DOCUMENTS that RELATE TO or reflect any statistical or actuarial study of probabilities of BIOMET HIP SYSTEM failures or revision surgeries, including but not limited to failures or revision surgeries associated with any potential or actual manufacturing or design flaws or defects identified by YOU in any BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

140.    All DOCUMENTS that RELATE TO or reflect any analysis of the failure rates of any BIOMET HIP SYSTEM, including without limitation DOCUMENTS RELATING TO any consideration of the clinical consequences of the failures.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

141.    All DOCUMENTS that RELATE TO the review, examination, inspection and/or analysis of the histories of patients who received a BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

142.    All DOCUMENTS that RELATE TO problems with the porous coating of the BIOMET HIP SYSTEM, including all DOCUMENTS relating to any issue of the porous coating beads coming loose.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, if any, pursuant to the Protective Order entered in this action.

143.    All DOCUMENTS that RELATE TO or reflect any COMMUNICATION between YOU and any scientist, doctor or researcher regarding failure rates, failure mechanisms, design flaws or defects, or manufacturing defects related to the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**WARNINGS AND POTENTIAL RECALLS**

144.    All DOCUMENTS that RELATE TO or reflect warnings, notices or advisories CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as being duplicative of Requests already made by Plaintiffs.

Without waiving the foregoing objections, Defendants respond that there have been no "notices" or "advisories" given concerning Biomet's metal-on-metal hip replacement systems as Defendants understand these terms. Therefore, no responsive documents exist regarding these aspects of this Request. Warnings regarding Biomet's metal-on-metal hip replacement systems are contained in the devices Instructions For Use and these documents responsive to this Request will be produced, pursuant to the Protective Order entered in this action.

**145.** All DOCUMENTS that RELATE TO or reflect any COMMUNICATION with the FDA or any FOREIGN REGULATORY BODY CONCERNING any warnings, notices, or advisories CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

See Response to Request for Documents No. 144.

**146.** All DOCUMENTS that RELATE TO or reflect any COMMUNICATION with any healthcare providers, physicians, patients or other consumers CONCERNING any warnings, notices or advisories associated with the BIOMET HIP SYSTEM.

**RESPONSE**

See Response to Request for Documents No. 144.

**147.** All DOCUMENTS that RELATE TO any meeting at which a proposed recall, advisory, safety alert, field action or market withdrawal that RELATE TO the BIOMET HIP SYSTEM was discussed, including notes, minutes, and draft recall notices.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

**148.** All DOCUMENTS that RELATE TO or reflect any proposed recall, advisory, safety alert, field action or market withdrawal of the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

149.    All DOCUMENTS that RELATE TO any proposed or instituted cessation of the manufacture or marketing of the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

150.    All DOCUMENTS that RELATE TO or reflect any potential recall or market withdrawal for the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

**151.** All DOCUMENTS that RELATE TO or reflect press releases or other information provided press or other media regarding any warnings, notices, or advisories CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

<u>See</u> Response to Request for Documents No. 144.

**CORPORATE GOVERNANCE**

**152.** All DOCUMENTS that RELATE TO or reflect minutes of meetings of YOUR Board of Directors (or any committee or like group RELATED TO the Board of Directors), or the Board of Directors of any company that directly or indirectly owns YOU, CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**153.** All DOCUMENTS that RELATE TO or reflect statements made by Defendant or on Defendant's behalf to its stockholders in which any of the BIOMET HIP SYSTEM is referenced. This includes, but. is not limited to, Defendant's annual or quarterly reports.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**154.** All DOCUMENTS that reflect any minutes and/or reports of Board of Directors meetings (or their committees or like group) which RELATE TO or refer to the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

155.    All DOCUMENTS that RELATE TO or reflect COMMUNICATIONS with financial analysts or investors CONCERNING the role of the BIOMET HIP SYSTEM in Defendant's financial or business prospects, including any transcripts, presentations or documents CONCERNING any analyst conference, call, or business briefing.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

156.    All DOCUMENTS that reflect Defendant's year-end financial statements for the years YOU marketed the BIOMET HIP SYSTEM, including:

(a)     quarterly reports for the current fiscal year, including 10-K and 10-Q forms;

(b)     all of YOUR filings with the National Association of Securities Dealers;

(c)     gross sales of the BIOMET HIP SYSTEM for each year; and

(d)     net profits attributable to the sale of the BIOMET HIP SYSTEM including but not limited to by State of sale (including the District of Columbia, Puerto Rico, and the Virgin Islands) for each year you marketed the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**157.** All DOCUMENTS that reflect YOUR annual report to shareholders for the years you marketed the BIOMET HIP SYSTEM.

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, if any, pursuant to the Protective Order entered in this action.

**158.** DOCUMENTS sufficient to identify the DEPARTMENT and individuals responsible for managing compliance with YOUR Corporate Integrity Agreements.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**EXPLANTATION**

**159.** All DOCUMENTS that RELATE TO any proposed or instituted collection, retrieval or storage by YOU (or any one acting on YOUR behalf) from physicians, hospitals, sales representatives, or device suppliers of any BIOMET HIP SYSTEM which had already been implanted.

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order and Explant Preservation Order entered in this action.

**160.** All DOCUMENTS that RELATE TO any proposed or instituted tests, analysis, evaluations or investigations of explanted or withdrawn BIOMET HIP SYSTEM which were returned to, or collected by, you.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order and Explant Preservation Order entered in this action.

**161.** All DOCUMENTS that RELATE TO the disposal by YOU or anyone acting on YOUR behalf of explanted or withdrawn BIOMET HIP SYSTEM returned to, or collected by, YOU.

**<u>RESPONSE</u>**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

**162.**   All DOCUMENTS that RELATE TO or reflecting any visual, microscopic, Scanning-Electron Microspy or other scientific or medical examination, inspection or analysis of any explanted BIOMET HIP SYSTEM device or any RELATED tissues or records CONCERNING such device.

**<u>RESPONSE</u>**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order and Explant Preservation Order entered in this action.

**163.**   All DOCUMENTS that RELATE TO or reflecting the actual or projected numbers of explanted BIOMET HIP SYSTEM devices.

**<u>RESPONSE</u>**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

## CLAIMS AND SETTLEMENT

**164.** All DOCUMENTS that RELATE TO notice of claims, claims projections, loss estimates or risk management that RELATE TO any BIOMET HIP SYSTEM.

### RESPONSE

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**165.** All DOCUMENTS that reflect general liability, comprehensive general liability, or product liability insurance policy (and any other insurance policy that you purchased or on which you are a named insured, including policies purchased by related corporate entities) which you believe may provide coverage for any personal injury and/or product liability claim arising from the implantation of any BIOMET HIP SYSTEM device, including all excess layers.

### RESPONSE

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**166.** All DOCUMENTS that RELATE TO or reflect any indemnity agreement, agreement to assume liability, agreement to assume the defense or any other such agreement between YOU and any other person or entity regarding or pertaining to claims for injuries alleged as a result of implantation of any BIOMET HIP SYSTEM device.

### RESPONSE

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

167. All DOCUMENTS that reflect charts or schedules of layers of insurance or self-insured retention which you believe may provide coverage for any personal injury and/or product liability claim arising from the implantation of any BIOMET HIP SYSTEM device.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

168. All DOCUMENTS that RELATE TO or reflect any disputes or reservations of rights as to coverage (and any other insurance policy which you believe may provide coverage) for any personal injury and/or product liability claim arising from the implantation of any BIOMET HIP SYSTEM device.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

169. All DOCUMENTS that RELATE TO any relationship you have with any third-party retained by BIOMET or their counsel to assist in payment of medical expenses or other economic costs of patients with potential claims or settlements CONCERNING the BIOMET HIP SYSTEM, including but not limited to contracts or agreements, COMMUNICATIONS regarding any potential contracts or agreements, and any other COMMUNICATIONS CONCERNING the BIOMET HIP SYSTEM, including but not limited to powerpoint presentations, meeting notes and emails.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

170.    All DOCUMENTS that RELATE TO any actual or attempted compensation or resolution of claims for patients implanted with an BIOMET HIP SYSTEM device, including but not limited to standard operating procedures, guidelines, protocols or the like, form COMMUNICATIONS with patients or doctors and related or accompanying DOCUMENTS, and internal DOCUMENTS or COMMUNICATIONS CONCERNING such compensation or resolution.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**OTHER CATEGORIES**

171.    All DOCUMENTS that YOU identify or are asked to identify in response to any Plaintiffs' interrogatories propounded in these coordinated proceedings.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

172.    All ELECTRONIC DATABASES or ELECTRONICALLY STORED MEDIA that RELATE TO or reflect the following subject areas that CONCERN the BIOMET HIP SYSTEM, to the extent not response to the other requests made herein:

   a.   payments made to physicians or healthcare providers;

   b.   clinical trial tracking, management or data;

   c.   sales call tracking or contacts with physicians or other individual health care providers or institutions;

   d.   distribution of samples;

   e.   management or repository of publications;

   f.   product complaints;

   g.   marketing, advertising or promotional materials;

   h.   information requests and/or questions submitted by physicians or healthcare providers;

   i.   tracking or management of communications with, payments to or activities of thought leaders, consultants or institutions; label changes;

   j.   marketing activities; and

   k.   approval of promotional, advertising or marketing materials.

**<u>RESPONSE</u>**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent that it requests information that is protected by HIPAA, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states. In addition, Defendants object to this Request as being duplicative of Requests already made by Plaintiffs.

**173.** All DOCUMENTS that RELATE TO any criminal proceedings and/or other proceedings involving reprimand, penalty or fine imposed that RELATE TO the BIOMET HIP SYSTEM in which Defendant or anyone acting on Defendant's behalf has been involved.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they are currently unaware of any documents responsive to this Request.

**174.** All DOCUMENTS that RELATE TO or reflect general media articles discussing the BIOMET HIP SYSTEM. For purposes of this request, the term "general media article" refers to articles that appear in non-medical and/or non- scientific journals, magazines or periodicals.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants also object to this Request because media articles are publicly available documents. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**175.** All DOCUMENTS that RELATE TO or reflect medical or scientific articles, in Defendant's possession, custody or control discussing the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants also object to this Request because medical and scientific articles are publicly available documents. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

**176.** All DOCUMENTS that RELATE TO the BIOMET HIP SYSTEM sent or received in your capacity as a member of or financial supporter of any other organization and/or lobby. This request is limited to organizations and/or lobbies that you are a member of in your capacity as a manufacturer, marketer and/or distributor hip implants.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**177.** All DOCUMENTS that RELATE TO or reflect any expenditures, whether monetary payments, in-kind payments or gifts, made on lobbying efforts that RELATE TO YOUR hip implant business.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

**178.** All DOCUMENTS that reflect depositions transcripts or recordings of corporate representatives in previous lawsuits or proceedings regarding any type of claims CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

179.    All DOCUMENTS that reflect Defendant's witness lists in previous lawsuits or proceedings regarding any type of claims that RELATE TO the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

180.    All DOCUMENTS that reflect Defendant's exhibit lists in previous lawsuits or proceedings regarding any type of claims that RELATE TO the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

181.    All DOCUMENTS that reflect Defendant's expert deposition transcripts or opinions submitted in previous lawsuits or proceedings regarding any type of claims CONCERNING the BIOMET HIP SYSTEM.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

182.     ALL DOCUMENTS produced by YOU in *Benson v Biomet, Inc.* (E.D. Wa. 2:12-cv-05131).

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

183.     ALL DOCUMENTS produced by YOU in *Faber v Biomet, Inc.* (E.D.N.Y. 1:12-cv-00783).

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendants respond that they will produce non-privileged documents responsive to this Request, pursuant to the Protective Order entered in this action.

184.     ALL DOCUMENTS identified by YOUR keyword search employed in the *Faber v. Biomet* action BEFORE said documents were limited and constricted using subsequent predictive coding searches.

**RESPONSE**

Defendants object to this Request because it is overly broad, unduly burdensome, impermissibly vague, and not limited to a relevant time period. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request because it seeks information beyond the scope of reasonable discovery, as permitted by the Federal Rules of Civil Procedure.

Dated: March 19, 2013

*/s/ John D. Winter*
John D. Winter
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Tel: (212) 336-2000
Email: jwinter@pbwt.com

John D. LaDue
Erin Linder Hanig
LADUE CURRAN & KUEHN LLC
200 First Bank Building
205 West Jefferson Boulevard
South Bend, IN 46601
Tel: (574) 968-0760
Email: jladue@lck-law.com
Email: ehanig@lck-law.com
*Attorneys for Defendants*