UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: BIOMET M2a MAGNUM HIP | ) | |
| IMPLANT PRODUCTS LIABILITY | ) | |
| LITIGATION (MDL 2391) | ) | CAUSE NO. 3:12-MD-2391 |
| | ) | |
| | ) | |
| | ) | |
| This Document Relates to All Cases | ) | |
| | ) | |

MEMORANDUM AND ORDER

Biomet had begun searching its electronic files before the creation of this multidistrict litigation docket through a keyword culling and de-duplication process, winnowing the universe of potentially relevant documents (the universe as Biomet saw it) from 19.5 million documents to 2.9 million. At that point, Biomet turned to technology-assisted review, or "predictive coding," to winnow the potentially discoverable documents down further. On April 18, I resolved the parties' dispute over whether Biomet had to go back to square one in its document production and use predictive coding. I ruled that Biomet didn't have to do that, though I encouraged Biomet to do what it said it would do and let the Plaintiffs' Steering Committee suggest additional search terms.

Today's dispute picks up where the April order left off. The Steering Committee wants Biomet to produce the discoverable documents used in the training of the "predictive coding" algorithm. Biomet reveals only that the discoverable documents used in the seed set already have been disclosed to the Steering Committee; Biomet won't identify the seed set beyond that. Without knowing the training documents, the Steering Committee says, it can't intelligently propose more search terms, since it doesn't know what already has

been included in the search. Biomet says nothing in the law requires it to provide what the Steering Committee seeks.

My understanding of the predictive coding process consists largely of what was placed before me in resolution of the first discovery issue, although Biomet added a little more information and terminology in the memoranda I requested from both sides. As I understand it, a predictive coding algorithm offers up a document, and the user tells the algorithm to find more like that document or that the user doesn't want more documents like what was offered up.

The Steering Committee wants the whole seed set Biomet used for the algorithm's initial training. That request reaches well beyond the scope of any permissible discovery by seeking irrelevant or privileged documents used to tell the algorithm what not to find. That the Steering Committee has no right to discover irrelevant or privileged documents seems self-evident.

So I might have misunderstood the Steering Committee's request. It might be that the Steering Committee only wants to know which discoverable documents were used in the seed set, placing the parties' disagreement in a different light. Biomet tells the court — and the Steering Committee is in no position to agree or disagree — that it already has produced all of the discoverable documents that were used in the seed set. Given that production, then, the Steering Committee doesn't seek the production of documents; it has all the documents it wants to know about. The Steering Committee wants Biomet to tell how it went about identifying and selecting the documents (not just the seed set) that it has produced.

I'm puzzled as to the authority behind the Steering Committee's request. Federal Rule of Civil Procedure 26(b)(1) makes discoverable

any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

The Steering Committee knows of the existence and location of each discoverable document Biomet used in the seed set: those documents have been disclosed to the Steering Committee. The Steering Committee wants to know, not whether a document exists or where it is, but rather how Biomet used certain documents before disclosing them. Rule 26(b)(1) doesn't make such information disclosable.

The only authority the Steering Committee cites is a report of the Sedona Conference that has had a significant, salutary, and persuasive impact on federal discovery practice in the age of electronically stored information. Sedona Conference Cooperation Proclamation, 10 Sedona Conf. J. 331 (Fall Supp. 2009). Biomet, the Steering Committee says, isn't proceeding in the cooperative spirit endorsed by the Sedona Conference and the corresponding Seventh Circuit project. But neither the Sedona Conference nor the Seventh Circuit project expands a federal district court's powers, so they can't provide me with authority to compel discovery of information not made discoverable by the Federal Rules.

Still, Biomet's position is troubling. Biomet suggests no way in which telling the Steering Committee which of the documents already produced were in the seed set would harm it. Based on what I have been given in the parties' memoranda, Biomet is right that it doesn't have to identify the seed set, but the Steering Committee is right that Biomet's cooperation falls below what the Sedona

3

Conference endorses. An unexplained lack of cooperation in discovery can lead a court to question why the uncooperative party is hiding something, and such questions can affect the exercise of discretion.

But I don't have any discretion in this dispute. I won't order Biomet to reveal which of the documents it has disclosed were used in the seed set, but I urge Biomet to re-think its refusal.

ENTERED:   August 21, 2013


  /s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court