UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE: BIOMET M2a MAGNUM HIP )
IMPLANT PRODUCTS LIABILITY ) Cause No. 3:12-MD-2391
LITIGATION (MDL 2391) )

OPINION AND ORDER

As this multidistrict litigation docket winds down, Biomet seeks an award of sanctions against attorney Navan Ward, who serves as plaintiffs' co-lead counsel in this docket and as plaintiff's counsel of record in Hix v. Biomet, No. 3:18cv437-RCJ-WGC (D. Nev.) and Harbison v. Biomet, No. 5:19cv59 (M.D. Ga.), for violating the court's August 10, 2020 order. For the following reasons, Biomet's motion for sanctions is granted, in part.

A brief background will help explain the issues before me today. The plaintiffs in these cases allege that Biomet made and sold certain metal-on-metal hip replacement devices that produce metal shavings injurious to people in whom the devices have been implanted. Discovery was divided, largely speaking, into two phases: "common," or "generic," discovery that related to the M2a hip implants and that all plaintiffs might need; and "case-specific discovery," meaning discovery that one plaintiff but no others might need. In each constituent case, common discovery and some case-specific discovery was completed before the case was remanded or transferred to another court. Common discovery in the MDL docket was to be completed by August 2018.

For a variety of reasons, Biomet produced additional common issue discovery in state court cases that weren't a part of this MDL docket. The MDL plaintiffs' attorneys wanted that discovery (some actually had it because they represented state court plaintiffs, but those attorneys couldn't use it in the federal cases because they were prohibited from using it in any case other than the one in which it was produced), and requested it in the post-remand/transfer courts. The additional common issue discovery requests presented enough of a problem that the Plaintiffs' Steering Committee and Biomet returned to me. In fact, Biomet went to the Judicial Panel on Multidistrict Litigation and asked that transferred cases be returned to me as the MDL judge so that I could order all plaintiff's counsel to seek no more common discovery. The Panel declined Biomet's request. Biomet's submission noted that Mr. Ward had told U.S. District Judge Tilman E. Self III of the Middle District of Georgia that my common discovery deadline had been "more of a suggestion" than an order; that was the first I had heard that I meant my order to be only a suggestion.

After hearing from the parties, I entered an order on March 12, 2020 in which I: (a) condemned Mr. Ward's "suggestion" remark; and (b) refused to condone any plaintiffs seeking more generic discovery in the remand/transfer courts; but (c) ordered Biomet to produce to the Plaintiffs' Steering Committee all generic discovery Biomet had produced in the state cases for distribution to all MDL plaintiffs' counsel (to level the playing field to the extent I could); and (d) set

forth a new requirement that the parties submit case management plans in all remaining cases describing, among other things, any additional discovery they intended to conducted in the remand/transfer courts. [Doc. No. 3833]. The order stopped short of directing plaintiffs' counsel to cease and desist filing post-deadline common issue discovery requests in remanded and transferred cases, because I no longer had jurisdiction over those cases.

The parties came before me again in August, 2020. Biomet wanted me to add conditions to its obligation to produce to the federal plaintiffs what it had produced to state plaintiffs. The Plaintiffs' Steering Committee wanted me to expand the March order to allow the plaintiffs' attorneys to share discovery materials freely among themselves. I denied those motions, and explained when I entered the March order, "it was with the understanding that common issue discovery was complete upon submission of those documents. … To the extent Plaintiffs' Lead Counsel, Navan Ward, suggested otherwise in Hardison … and Hix … he must correct the error on the record in those case[s]." [Doc. No. 3857 at 4-5]. At the conclusion of my August 10, 2020 order, I directed Mr. Ward "to file a copy of this order and the March 12, 2020 order … in Hardison … and Hix … and to file a certificate of compliance in this court." One might think that sanction would have laid to rest any doubt as to the status of common discovery, dissuaded vexacious filings, and eliminated the need for any further proceedings. Id. at 5. It did not.

3

In September 2020, Mr. Ward served Biomet with interrogatories and requests for admissions in Hix and Harbison that, among other things, seek new common issue discovery (*e.g.*, sales data, gross revenue by year, costs of goods sold, royalties, commissions paid, net profits in the plaintiff's state of residence, the United States, and worldwide, revision rates in the United States, United Kingdom, Australia, and Finland, the name and location of ongoing studies, the revision rate for the M2a-Magnum in each study), asked Biomet to admit that it manufactured, distributed, marketed, and received a financial benefit from the M2a-Magnum, and inquired about the Australian Hazard Alert and various aspects of Biomet's knowledge in July 2010 related to the M2a-Magnum. *See* [Doc. Nos. 3860-6, 3860-8, and 3860-9].

Mr. Ward took no action to comply with my August 10 order until September 25, and waited until October 1, after Biomet had filed its motion for sanctions, to file the required certificate of compliance. The certificate simply says that he filed copies of the March 12 and August 10 order in Hix and Harbison, as directed [Doc. No. 3861]. The orders were attached to notices of filing in which Mr.Ward stated:

> Pursuant to the recent Orders from In Re Biomet M2a Magnum Hip Implant Products Liability Litigation (MDL 2391) on March 12, 2020 (Doc. 3833) and August 10, 2020 (Doc. 3857) (see Attached as Exhibits 1 and 2, respectively), Plaintiffs provide notice to this Court of the following:
> 1. Biomet Defendants are Ordered to provide common-issue written discovery responses, materials and depositions produced or taken in various state-court Biomet

4

> M2a hip implant cases, to the MDL 2391's Plaintiff's Steering Committee (PSC).
> 2. Biomet Defendants were required to provide such production by August 24, 2020, which has been timely received by the PSC.
> 3. The PSC is required to provide MDL plaintiffs access to the state-court discovery production, including Plaintiffs in this matter.
> 4. Plaintiffs' counsel is required to file a copy of the March 12, 2020 and August 10, 2020 MDL Orders to this Court.

[Doc. Nos. 3861-1 and 3861-2].

My authority to sanction conduct that abuses the judicial process arises under 28 U.S.C. § 1927, Fed. R. Civ. P 41(b), and the inherent powers conferred upon district courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Goodyear Tire & Rubber Co. v. Haeger, ––– U.S. –––, 137 S.Ct. 1178, 1186, 197 L.Ed.2d 585 (2017). *See also* Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991); Fuery v. City of Chicago, 900 F.3d 450, 452 (7th Cir. 2018); Salmeron v. Enter. Recovery Sys., Inc., 579 F.3d 787, 793 (7th Cir. 2009).

Biomet alleges that Mr. Ward's actions violated the August 10, 2020 order and "unreasonably and vexatiously" multiplied the proceedings in this case. It asks me to award sanctions against Mr. Ward and order him to pay the attorneys' fees, costs, and expenses it incurred with respect to: (1) the motion for sanctions, (2) any motion for protective order filed in response to his common issue discovery requests, (3) other responses to common issue discovery served in Hix and Harbison, and (4) any other work resulting from Mr. Ward's conduct.

5

Mr. Ward denies any wrongdoing and contends that:

- The August 10 order didn't set a deadline for compliance and he did what he was told to do.

- The parties resolved 28 of the 34 disputed discovery requests in Hix (although Biomet asserts in its reply that some of the disputes were resolved solely because Mr. Ward agreed to limit the scope or agreed to withdraw them); and there are no disputes in Harbison (again Biomet asserts that there are no disputes because Ward withdrew the requests).

- "[T]he parties simply have a disagreement in the interpretation of what constitutes case specific [discovery]."

The record demonstrates otherwise.

When I issued the August 10 order, I said in no uncertain terms that all common issue discovery related to the M2a hip implant had been completed, that any representation to the contrary was inaccurate and inconsistent with the law of the case, and that:

> [t]o the extent Plaintiffs' Lead Counsel, Navan Ward, suggested [that common issue discovery had not been completed] in Harbison [and] Hix, he must correct the error on the record in those cases", must file a copy of the August 10 and March 12 orders in those cases, and must file a certificate of compliance in this court.

[Doc. No. 3857].

Prompt compliance was expected, though not expressly ordered, and Mr. Ward has offered no explanation for waiting more than a month and a half to file

6

the orders and notice of compliance — and not filing the notice until after he served discovery requests seeking common discovery. But Biomet has provided little, if any, evidence of prejudice from the delay, and I can't find that Mr. Ward's failure to act promptly, in and of itself, warrants sanctions.

The same can't be said for Mr. Ward's failure to provide any plausible or reasonable explanation for failing to correct his misrepresentations regarding the status of common discovery on the record in Hix and Harbison, as the August 10 order directed, or his continued efforts to circumvent my several prior rulings regarding the status of common discovery.

The notices Mr. Ward filed with the March 12 and August 10 orders in Hix and Harbison didn't mention that common discovery was to be conducted in this court and was completed in August 2018, that Mr. Ward's prior representations regarding the status of common discovery were at best inaccurate, or that the additional discovery authorized by the March 12 order was expressly limited to documents that had already been produced. The omissions were material and provide compelling and persuasive evidence of an intent to circumvent the court's orders, perpetuate Mr. Ward's incorrect "interpretation" of those orders, and conceal the real reason he was required to correct the record in Hix and Harbison.

That Mr. Ward serves as plaintiffs' co-lead counsel in this MDL makes his conduct even more egregious. Plaintiffs' lead counsel speaks on behalf of all plaintiffs, has privileged access to information regarding all member cases and

7

many of the related state cases, and is presumed to have a thorough and accurate understanding of the pretrial proceedings in this case, lending credence to any representations he makes regarding those proceedings. When lead counsel's candor is called into question, it denigrates not only counsel's character and reputation, but that of the court and the MDL process.

Mr. Ward's actions and failure to act have unreasonably and vexatiously multiplied the proceedings in this docket and others. Sanctions are therefore appropriate under 28 U.S.C. § 1927, the court's inherent authority, and Fed. R. Civ. P. 41(b). But my jurisdiction is limited to this MDL and the handful of member cases that remain pending in this court. To the extent Biomet seeks the attorneys fees and costs incurred in responding to common issue discovery requests that were made in Hix, Harbison, and other cases after jurisdiction was transferred to the trial courts, it must seek relief in those courts.

The court GRANTS Biomet's motion for sanctions against Mr. Ward [Doc. No. 3860], in part, and ORDERS Mr. Ward to pay Biomet's reasonable fees and costs incurred in filing it's motion for sanctions, including time expended in briefing and arguing that motion and preparing its fee request.

Biomet shall have 21 days from the date of this order to submit a verified, itemized statement of the fees and costs incurred, and Mr. Ward shall have 14 days thereafter to submit any objections.

Mr. Ward is further ORDERED to file a copy of this order in Hix and Harbison and a certificate of compliance in this court within 14 days of the date of this order.

SO ORDERED.

ENTERED:   March 11, 2021

/s/ Robert L. Miller, Jr.
Judge, United States District Court
Northern District of Indiana